NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3211

ROBERT LIVINGSTON, JR.,

Appellant

v.

ATTORNEY GENERAL NEW JERSEY;
ADMINISTRATOR NEW JERSEY STATE PRISON

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 1-12-cv-05450)
District Judge: Honorable Jerome B. Simandle

_____

Argued: September 10, 2019
_____

Before: HARDIMAN, GREENAWAY, JR., and BIBAS, *Circuit Judges*.

(Opinion Filed: January 9, 2020)
_____

Meghan T. Meade
Loly G. Tor [ARGUED]
K&L Gates
One Newark Center
10th Floor
Newark, NJ 07102

*Counsel for Appellant*

Daniel A. Matos [ARGUED]
Mercer County Prosecutor's Office
209 South Broad Street
3rd Floor
P.O. Box 8068
Trenton, NJ 08650

*Counsel for Appellees*

_____

OPINION[*]

_____


GREENAWAY, JR., *Circuit Judge*.

This is the second appeal brought by Robert Livingston, Jr., challenging the

District Court's dismissal of his habeas petition pursuant to 28 U.S.C. § 2254. In the

petition, Livingston claimed that he had been denied a fair trial because the prosecutor

failed to produce the victim's criminal history in violation of *Brady v. Maryland*, 373

U.S. 83 (1963). The District Court held that the victim's criminal history would not have

been admissible and therefore dismissed the petition. We reversed, explaining that the

District Court erred in "characteriz[ing] [the] admissibility [of the suppressed evidence]

as a 'separate, independent prong of *Brady*.'" *Livingston v. Att'y Gen. N.J.*, 722 F. App'x

301, 302 (3d Cir. 2018) (quoting *Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263, 310

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

2

(3d Cir. 2016) (en banc)). We therefore remanded the case to the District Court for reconsideration of Livingston's *Brady* claim.

On remand, the District Court again found no *Brady* violation because the suppressed criminal history was not favorable or material. *See Livingston v. Grewal*, No. 12-5450 (JBS), 2018 WL 4251819, at *1 (D.N.J. 2018). Livingston timely appeals. For the following reasons, we will affirm.

## I.    Background

A jury found Livingston guilty of felony murder and various other crimes related to the killing of Morris Lewis. *See State v. Livingston*, No. 96-12-1432, 2011 WL 5828502, at *1 (N.J. Super. Ct. App. Div. Nov. 21, 2011). At trial, Livingston admitted to killing Lewis by repeatedly striking him on the head with a baseball bat and to robbing Lewis after the fact. But Livingston argued that Lewis broke into his house and he killed Lewis in self-defense. During pretrial preparation, counsel for Livingston requested information from the prosecution regarding Lewis's criminal history. The prosecution, however, incorrectly informed defense counsel that Lewis had no criminal history. In fact, Lewis had been arrested for and, in some cases, even pled guilty to several crimes, including an arrest for burglary.[1] The jury, however, reached its verdict without considering any of this evidence.

---

[1] We previously summarized these offenses as follows: "Lewis had arrests on juvenile petitions for burglary, receiving stolen property, criminal trespass, criminal mischief, theft, possession of a controlled dangerous substance with intent to distribute on

Before sentencing, Livingston timely moved for a judgment of acquittal on the grounds that the prosecution violated his rights under *Brady* in failing to disclose Lewis's criminal history. The trial court rejected that motion, explaining that Lewis's criminal record would have been inadmissible under state rules of evidence. On direct appeal, the Superior Court of New Jersey, Appellate Division, affirmed the conviction in relevant part. He then filed a state habeas petition, which the trial court denied. The Appellate Division affirmed that decision, and the New Jersey Supreme Court denied his certification for discretionary appeal.

Having been denied state post-conviction relief, Livingston filed a federal habeas petition in the District of New Jersey. The District Court dismissed his petition with prejudice. Before Livingston could appeal that decision, this Court decided *Dennis*, which held that the admissibility of the evidence suppressed is not a separate prong of the *Brady* inquiry. *See* 834 F.3d at 310. Livingston then appealed the dismissal of his habeas petition. We reversed and remanded, instructing the District Court "to assess in the first instance whether, setting aside the admissibility of the evidence, Livingston has established a *Brady* violation." *Livingston*, 722 F. App'x at 304.

---

or near school property, tampering with evidence, and resisting arrest, and he had pled guilty to [juvenile adjudications of] both possession of a controlled dangerous substance with intent to distribute on or near school property and to joyriding." *Livingston*, 722 F. App'x at 302 n.2. We further explained that at the time of his death, he was due to appear at a "pre-trial status conference . . . for receiving stolen property." *Id.*

4

On remand, the District Court found the victim's criminal record neither favorable nor material because (1) it could not be used to impeach Lewis, who is deceased; (2) even without the criminal record, Livingston's counsel could have, of its own accord, conducted additional factual research into Lewis's reputation; and (3) the burglary arrest on Lewis's record was too vague to provide any insight into how its disclosure would have helped Livingston's defense. Accordingly, the District Court found that Livingston "ha[d] not demonstrated a likelihood that the victim's criminal history would have been favorable to [Livingston] nor material in that there is a reasonable probability its disclosure would have led to a different result." *Livingston*, 2018 WL 4251819, at *1. Livingston timely filed this appeal.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). *See Branch v. Sweeney*, 758 F.3d 226, 232 (3d Cir. 2014). Our review of the District Court is plenary and we apply the same standard as the District Court. *Dennis*, 834 F.3d at 280.

## III. Discussion

In *Brady*, the Supreme Court held that a prosecutor must share with defense counsel favorable evidence that is "material either to guilt or punishment" and that the suppression of such evidence constitutes a due process violation. *Brady*, 373 U.S. at 87. To establish a claim under *Brady*, a defendant must demonstrate that (1) the evidence was

5

favorable to the defendant; (2) the prosecution suppressed the evidence; and (3) prejudice ensued, i.e., the evidence was material. *Lewis v. Horn*, 581 F.3d 92, 108 (3d Cir. 2009) (citations omitted); *see also United States v. Brown*, 595 F.3d 498, 509 n.14 (3d Cir. 2010).

Livingston raises three arguments why the District Court erred in determining that no *Brady* violation occurred here. First, Livingston argues that the District Court's reasoning regarding defense counsel's ability to conduct factual research without the aid of Lewis's criminal record constitutes an improper inquiry into defense counsel's diligence. *See Dennis*, 834 F.3d at 290 ("*Brady*'s mandate and its progeny are entirely focused on prosecutorial disclosure, not defense counsel's diligence."). Second, Livingston argues that the District Court applied a standard that is overly stringent in light of the relevant Supreme Court and Third Circuit precedents. *Compare Kyles v. Whitley*, 514 U.S. 419, 434 (1995) ("The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but *whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence*." (emphasis added)), *with Livingston*, 2018 WL 4251819, at *5 ("[T]he Court sees no reasonable probability that further investigation by defense counsel armed with knowledge of Lewis's record *would have changed the jury's verdict*." (emphasis added)). Third, Livingston argues that confidence in the verdict is indeed undermined by the suppressed record because production of the record could have led Livingston to further

evidence and arguments that might have bolstered his defense. Livingston also argues that the District Court erred in determining that the suppressed evidence was not favorable.

Because the *Brady* factors are conjunctive, the failure to demonstrate that any of the factors applies to the case at hand will result in a finding that no *Brady* violation occurred. Here, because the evidence in question was not material, we need not consider Livingston's arguments as to favorability.

None of Livingston's anticipated uses of Lewis's juvenile adjudications supports a finding that the evidence is material. Lewis's juvenile record is not admissible as impeachment evidence because Lewis is deceased. Nor would it be admissible as propensity evidence because under New Jersey evidence law, the victim's prior bad acts are not admissible if they did not lead to a conviction. *See* N.J. R. Evid. 404(a)(2), 405(a). Although Lewis had a juvenile arrest (with no adjudication of guilt) for burglary, as the District Court explained, that crime "could encompass a wide range of conduct irrelevant to this case." *Livingston*, 2018 WL 4251819, at *6. Furthermore, Livingston has offered little more than speculation that disclosure of Lewis's juvenile records would have led the defense to any admissible evidence that would tend to support Livingston's

7

claim of self-defense.  Accordingly, the evidence suppressed here, therefore, vague as it is, is not material such that it would tend to undermine confidence in the verdict.[2]

We cannot conclude that there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985) (opinion of Blackmun, J.).  We therefore find that no *Brady* violation occurred here.

## IV.    Conclusion

For the foregoing reasons, we will affirm the District Court's order.

---

[2] Furthermore, the overwhelming evidence, including the fact that Livingston beat Lewis to death by repeatedly striking him on the head with a baseball bat and that Livingston robbed him afterwards, tended to support his guilt.